Craig Joseph CORTEZ, Petitioner—
Appellant,

v.

UNITED STATES of America,
Respondent—Appellee.

No. 03–55025.

D.C. No. CV–01–01574–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided Aug. 14, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Craig Cortez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. A jury convicted Cortez of conspiracy to distribute marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. Cortez argues that the 135–month sentence imposed following his convictions violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not determine drug quantity. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm because any *Apprendi* error in this case was "harmless beyond a reasonable doubt." *United States v. Smith,* 282 F.3d 758, 771–72 (9th Cir.2002). Count 2 of the indictment alleged that Cortez possessed 204.09 kilograms of mari-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

juana, and he stipulated at trial that that was the amount of marijuana involved. As a result of the Count 2 conviction, which was predicated on this quantity of marijuana, Cortez was eligible for a 135–month sentence. 21 U.S.C. § 841(b)(vii) (making people convicted of possessing more than 100 kilograms of marijuana eligible to be sentenced to 40 years in prison). The district court correctly determined that Cortez's § 2255 motion should be denied. *United States v. Buckland,* 289 F.3d 558, 569–70 (9th Cir.2002) (en banc); *Smith,* 282 F.3d at 771–72.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.